IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD LOVATO, as Co-Personal
Representative of Raymond V. Lovato,
Deceased,

        Plaintiff,

vs.                                                 Civ. No. 03-0629 MV/WDS

KELVIN L. BANISTER, and LANDSTAR
RANGER, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on 1st Guard Adjustment Company's Motion to Intervene, filed September 2, 2003 **[Doc. No. 6]**. The Court, having considered the motion, briefs, and relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED.**

### BACKGROUND

This case, over which the Court has diversity jurisdiction pursuant to 28 U.S.C. Section 1332,[1] arises out of an automobile accident on April 28, 2002. In the complaint, Plaintiff Richard Lovato ("Plaintiff"), the co-personal representative of decedent Raymond Lovato, alleges that

---

[1] Plaintiff, the co-personal representative of the decedent, is domiciled in McKinley County, New Mexico. Prior to his death, decedent also was domiciled in the State of New Mexico. Defendant Kelvin L. Banister is domiciled in San Diego, California. Defendant Landstar Ranger, Inc., is a Delaware corporation with its principal place of business in Jacksonville, Florida. Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds, exclusive of interests and costs, the sum of $75,000. *Cf.* 28 U.S.C. § 1332.

early in the morning on April 28, 2002, decedent was driving a 1998 Oldsmobile in a westbound lane of Interstate 40 in Gallup, New Mexico.  The parties agree that for some unknown reason, the 1998 Oldsmobile came to a stop in the westbound lane of the interstate.  Defendants Kelvin L. Banister ("Banister") and Landstar Ranger, Inc. ("Landstar") allege that decedent failed to move his vehicle or warn oncoming motorists that he was stopped in a lane of traffic.  Plaintiff maintains that decedent was either in the process of exiting his vehicle or had exited the vehicle and was standing close to it.

Defendant Landstar is a common carrier engaged in the business of interstate trucking.  On April 28, 2002, Defendant Banister was a truck driver employed by or acting as an agent of Landstar.  At approximately 3:35 a.m. on April 28, 2002, the truck being driven by Defendant Banister struck decedent's 1998 Oldsmobile stopped in the westbound lane of traffic.  Plaintiff maintains that the impact either caused decedent to be thrown out of the 1998 Oldsmobile and over a bridge retaining wall to the ground below or caused the 1998 Oldsmobile to strike decedent and push him over the bridge retaining wall to the ground below.  Plaintiff further contends that there is no physical evidence that Defendant Banister took evasive action prior to striking the 1998 Oldsmobile.

Plaintiff was appointed the co-personal representative of the deceased under the Wrongful Death Act, N.M. Stat. Ann. § 41-2-3, by order of this Court on April 28, 2004 **[Doc. No. 49]**.  Plaintiff is not the personal representative of decedent's probate estate within the meaning of the Uniform Probate Code, N.M. Stat. Ann. §§ 45-1-101 *et seq.*

On May 27, 2003, Plaintiff filed a complaint seeking damages for wrongful death pursuant to the Wrongful Death Act for the alleged negligence of Defendants Banister and Landstar.  In

response, Defendants raised, among other things, the affirmative defense of comparative negligence.

On September 2, 2003, 1st Guard Adjustment Company ("1st Guard") filed a motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Proposed intervenor 1st Guard is the registered agent for American Modern Home Insurance Company ("American Modern").[2] In its motion and proposed complaint in intervention, 1st Guard sought permission to file a state law claim against Plaintiff for negligence arising out of the events described herein that allegedly occurred on April 28, 2002. On September 25, 2003, 1st Guard filed an amended proposed complaint seeking relief not from Plaintiff but rather from the probate estate of decedent. The probate estate is not a party to this action.

In its proposed amended complaint, 1st Guard alleges that as a result of decedent's negligence, a 1996 Kenworth tractor and 1996 Great Dane trailer were severely damaged in the collision with decedent's vehicle. The tractor and trailer apparently were owned by Defendant Banister and leased to Defendant Landstar. The proposed amended complaint further maintains that American Modern, through 1st Guard, paid claims for the 1996 Kenworth tractor, adjusting for salvage, in the amount of $26,625.01. In addition, American Modern, through 1st Guard, paid for damage to the 1996 Great Dane trailer, including towing, in the amount of $16,736.31. Defendant Banister paid a $500.00 deductible on these claims. The proposed amended complaint seeks damages in the amount of $43,861.32.

---

[2] 1st Guard is a Michigan corporation doing business within the State of New Mexico, and its principal place of business is located outside the State of New Mexico.

**STANDARD**

Federal Rule of Civil Procedure 24(b), which governs permissive intervention, provides in relevant part, "Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). Such permissive intervention in a civil action requires (1) an independent basis of subject matter jurisdiction, (2) a timely motion, and (3) a common question of law and fact between the movant's claim or defense and the main action. *See, e.g.*, *United States v. Washington*, 86 F.3d 1499, 1506-07 (9th Cir. 1996) (quotation omitted); *accord E.E.O.C. v. National Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (same). "In exercising its discretion the court shall [also] consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

Intervention also "'presupposes that the applicant has a right to maintain a claim for the relief sought.'" *Lucero v. City of Albuquerque*, 140 F.R.D. 455, 457 (D.N.M. 1991) (quoting *N.L.R.B. v. Miscellaneous Drivers & Helpers Union, Local No. 610*, 440 F.2d 124, 132 (8th Cir.), *cert. denied sub nom. Sears, Roebuck & Co. v. Solien*, 403 U.S. 905 (1971)). Accordingly, "the first step in determining whether to permit intervention is to establish the validity of the proposed intervenor's claims." *Id.* "Obviously, if the proposed complaint-in-intervention does not state a valid claim for relief, the motion must be denied." *Id.* (citations omitted); *see also* 7C Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure § 1914 (1986) (proposed pleading must state a good claim for relief) (citing additional cases).[3]

---

[3] *See also, e.g.*, *Diehl v. United States*, 438 F.2d 705, 711 (5th Cir.) (wife had no right to intervene in her deceased husband's federal income tax refund suit unless she stated a valid cause of action by complying with a statute that required her to file a claim for refund prior to

## DISCUSSION

Plaintiff argues that 1st Guard cannot state a negligence claim against him because he serves as the wrongful death--and not probate--personal representative of decedent, and under New Mexico law, a wrongful death personal representative cannot be held liable for the alleged negligence of a decedent. Plaintiff is correct. In a diversity action, the Court applies the substantive law of the forum state. *See Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983, 985 (10th Cir. 1998) (citation omitted). As 1st Guard concedes, in New Mexico, a lawsuit under the Wrongful Death Act is separate and distinct from a lawsuit brought against a decedent's probate estate. *See In re Sumler*, 133 N.M. 319, 321-22, 62 P.3d 776, 778-79 (N.M. Ct. App. 2002); *see also Henkel v. Hood*, 49 N.M. 45, 47, 156 P.2d 790, 791 (N.M. 1945) ("[a] suit, under [the Wrongful Death] [A]ct, has no relation to the estate"). New Mexico courts have held that "it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code." *Sumler*, 133 N.M. at 321, 62 P.3d at 778. Rather, a wrongful death personal representative "'is a mere nominal party, having no interest in the case for himself or the estate he represents. He does not act in his capacity as executor or

---

intervention), *cert. denied*, 404 U.S. 830 (1971); *NLRB v. Miscellaneous Drivers & Helpers Union*, 440 F.2d 124, 132 (8th Cir.) (intervention presupposes that the applicant has a right to maintain a claim for the relief sought), *cert. denied sub nom. Sears, Roebuck & Co. v. Solien*, 403 U.S. 905 (1971); *Braniff Airways, Inc. v. Curtiss-Wright Corp.*, 411 F.2d 451, 455 (2d Cir.) (motion to intervene would be moot if complaint did not state a cause of action), *cert. denied*, 396 U.S. 959 (1969); *Donson Stores, Inc. v. American Bakeries Co.*, 58 F.R.D. 481, 485 (S.D.N.Y. 1973) (in the absence of an allegation by consumers seeking to intervene in an antitrust class action that the alleged price fixing occurred at the point of the consumers' purchase, the proposed intervenors had no legally cognizable claim and had no standing to intervene); *Kentucky Home Mut. Life Ins. Co. v. Duling*, 190 F.2d 797, 803 (6th Cir. 1951) (where intervening petition stated only that proposed intervenors had insurance under the group policy in question, the petition did not state a cause of action against the insurance company and therefore was not sustained).

administrator, or representative of the decedent's estate, but sues as a trustee on behalf of the particular persons designated in the act.'" *Henkel*, 49 N.M. at 49, 156 P.2d at 793 (quoting 16 Am. Jur. 186, § 266) (emphasis omitted); *see also Chavez v. Regents of the Univ.*, 103 N.M. 606, 608-09, 711 P.2d 883, 885-86 (N.M. 1985).[4]

As a nominal party with no interest in the case for himself or the estate of the decedent, any funds recovered by Plaintiff in this action are not the property of decedent's estate but rather are the property of certain statutorily enumerated beneficiaries. *Cf.* N.M. Stat. Ann. § 41-2-3; *see also Stang v. Hertz Corp.*, 81 N.M. 69, 77, 463 P.2d 45, 53 (N.M. Ct. App. 1969) ("the personal representative recovers damages under our wrongful death act on behalf of the statutory beneficiaries") (citation omitted), *aff'd*, 83 N.M. 217 (1971). Plaintiff, as a trustee for these beneficiaries, cannot be held liable for any debts of the decedent, including any debts arising from decedent's alleged negligence. *Cf. Trefzer v. Stiles*, 56 N.M. 296, 299, 243 P.2d 605, 607 (N.M. 1952) ("[i]n New Mexico the amount recovered under the wrongful death statute . . . never becomes part of the assets of the . . . decedent's estate") (citation omitted); *Henkel*, 49 N.M. at 50, 156 P.2d at 793) ("'damages recovered do not constitute assets of the estate of the deceased, and the creditors of the deceased are not entitled to share therein'") (citing 16 Am. Jur. § 249); *id.* ("'any recovery made . . . is not subject to the payment of the debts of the deceased'") (quoting *In re Waits' Estate*, 140 P.2d 857, 858, 859 (Cal. Ct. App. 1943)). Only the probate estate of decedent is liable for damages arising from decedent's negligence. *Cf., e.g., id.*

---

[4] *Compare Leyba v. Whitley*, 120 N.M. 768, 774, 907 P.2d 172, 178 (N.M. 1995) (noting that the wrongful death personal representative actually has more limited duties than a statutory trustee because the representative has no discretion and his or her sole job is "simply [to] distribute any proceeds obtained in accordance with the [Wrongful Death] statute").

Although 1st Guard concedes as much, it maintains that it intended to bring its proposed complaint in intervention against the probate estate of the decedent and not against Plaintiff. By its amended complaint in intervention, 1st Guard argues that it essentially has joined the probate estate of the decedent as a party to the action. This argument does not have merit. Proposed intervenor 1st Guard cannot join the probate estate as a party to the action because 1st Guard itself is not a party to the action, and nonparties cannot invoke the permissive party joinder rule. *See, e.g.*, *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994) (motion by a nonparty under Rule 20 denied), *cert. denied*, 514 U.S. 1063 (1995); 4 James Wm. Moore *et al.*, Moore's Federal Practice, § 20.02[2][c] (3d ed. 2004) (Rule 20 not available to nonparties).[5] Accordingly, 1st Guard cannot remedy the defect in its amended complaint in intervention by joining the probate estate of decedent.

Because 1st Guard's proposed amended complaint in intervention does not state a valid claim for relief against a party in the case, the Court must deny the motion to intervene. The Court need not determine whether 1st Guard's motion to intervene meets the remaining requirements for Rule 24(b) permissive intervention because 1st Guard failed to fulfill its initial burden of stating a valid claim for relief. *Cf. Lucero*, 140 F.R.D. at 457 ("the first step in determining whether to permit intervention is to establish the validity of the proposed intervenor's

---

[5] *See also City of Tampa v. Fourth Tug/Barge Corp.*, 163 F.R.D. 622, 624 (M.D. Fla. 1995) (nonparty cannot file cross-claim and join additional parties under Rule 13(h); only parties can file cross-claims); *Paine, Webber, Jackson & Curtis, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 564 F. Supp. 1358, 1371 (D. Del. 1983) (applicant's motion to join litigation as a third-party plaintiff was not proper because applicant was not a party to the action and neither plaintiff nor defendant sought leave to join the individual as a plaintiff through any of the appropriate joinder devices) (citing *Parker-Hannifin v. Samuel Moore & Co.*, 436 F. Supp. 498, 500 (N.D. Ohio 1977)).

claims").

## CONCLUSION

For the reasons stated above, 1st Guard's proposed amended complaint in intervention does not state a valid claim for relief.

**IT IS THEREFORE ORDERED** that 1st Guard Adjustment Company's Motion to Intervene, filed September 2, 2003 **[Doc. No. 6]**, is hereby **DENIED**.


Dated this **[INSERT]** day of May, 2004.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE



Attorney for Plaintiff:

    William G. Stripp, Esq.

Attorney for Defendants:

    J. Duke Thornton, Esq.

Attorney for Proposed Intervenor:

    Robert Tabor Booms, Esq.