## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICHARD LOVATO, as Co-Personal
Representative of Raymond V. Lovato,
Deceased,

       Plaintiff,

vs.                                             Civ. No. 03-0629 MV/WDS

KELVIN L. BANISTER, and  LANDSTAR
RANGER, INC.,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Richard Lovato, Co-Personal

Representative of Raymond V. Lovato, Deceased's Motion to Dismiss the Counterclaim of

Kelvin L. Banister, filed December 4, 2003 **[Doc. No. 22]**.  The Court, having considered the

motion, briefs, and relevant law and being otherwise fully informed, finds that the motion is well

taken and will be **GRANTED.**

### BACKGROUND

This case, over which the Court has diversity jurisdiction pursuant to 28 U.S.C. Section

1332,[1] arises out of an automobile accident on April 28, 2002.  In the complaint, Plaintiff Richard

---

[1] Plaintiff, the co-personal representative of the decedent, is domiciled in McKinley
County, New Mexico.  Prior to his death, decedent also was domiciled in the State of New
Mexico.  Defendant Kelvin L. Banister is domiciled in San Diego, California.  Defendant Landstar
Ranger, Inc., is a Delaware corporation with its principal place of business in Jacksonville,
Florida.  Plaintiff and Defendants are citizens of different states, and the amount in controversy
exceeds, exclusive of interests and costs, the sum of $75,000.  *Cf.* 28 U.S.C. § 1332.

Lovato ("Plaintiff"), the co-personal representative of the deceased Raymond Lovato, alleges that

early in the morning on April 28, 2002, decedent was driving a 1998 Oldsmobile in a westbound

lane of Interstate 40 in Gallup, New Mexico.  The parties agree that for some unknown reason,

the 1998 Oldsmobile came to a stop in the westbound lane of the interstate.  Defendants Kelvin L.

Banister ("Banister") and Landstar Ranger, Inc. ("Landstar") allege that decedent failed to move

his vehicle or warn oncoming motorists that he was stopped in a lane of traffic.  Plaintiff maintains

that decedent was either in the process of exiting the vehicle or had exited the vehicle and was

standing close to it.

Defendant Landstar is a common carrier engaged in the business of interstate trucking.

On April 28, 2002, Defendant Banister was a truck driver employed by or acting as an agent of

Landstar.  At approximately 3:35 a.m. on April 28, 2002, the truck being driven by Defendant

Banister struck the 1998 Oldsmobile stopped in the westbound lane of traffic.  Plaintiff maintains

that the impact either caused decedent to be thrown out of the 1998 Oldsmobile and over a bridge

retaining wall to the ground below or caused the 1998 Oldsmobile to strike decedent and push

him over the bridge retaining wall to the ground below.  Plaintiff further contends that there is no

physical evidence that Defendant Banister took evasive action prior to striking the 1998

Oldsmobile.

Plaintiff was appointed the co-personal representative of the deceased under the Wrongful

Death Act, N.M. Stat. Ann. § 41-2-3, by order of this Court on April 28, 2004 **[Doc. No. 49]**.

Plaintiff is not the personal representative of decedent's probate estate within the meaning of the

Uniform Probate Code, N.M. Stat. Ann. §§ 45-1-101 *et seq.*

On May 27, 2002, Plaintiff filed a complaint seeking damages for wrongful death pursuant

to the Wrongful Death Act for the alleged negligence of Defendants Banister and Landstar.  In

response, Defendants raised, among other things, the affirmative defense of comparative

negligence.  Defendant Banister also asserted a counterclaim against Plaintiff for negligence

arising out of the events described herein that allegedly occurred on April 28, 2002.

## STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides in relevant part that

"failure to state a claim upon which relief can be granted" is a defense to a claim for relief in any

pleading.  Fed. R. Civ. P. 12(b)(6).  A court may dismiss a cause of action under Rule 12(b)(6)

for failure to state a claim only if it appears beyond a doubt that a plaintiff can prove no set of

facts in support of the claim that would entitle him or her to relief.  *See Hartford Fire Ins. Co. v.*

*California*, 509 U.S. 764, 811 (1993) (citation omitted).  In considering a Rule 12(b)(6) motion,

a court must assume all well-pleaded facts to be true and must draw all reasonable inferences in

favor of the plaintiff.  *See Housing Auth. of the Kaw Tribe v. City of Ponca,* 952 F.2d 1183, 1187

(10th Cir. 1991), *cert. denied*, 504 U.S. 912 (1992).  The issue in reviewing the sufficiency of a

complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to

offer evidence to support his or her claim.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

These deferential rules, however, do not allow a court to assume that a plaintiff "can prove facts

that [the plaintiff] has not alleged or that the defendants have violated the . . . laws in ways that

[the plaintiff has not] alleged."  *See Associated Gen. Contractors, Inc. v. Cal. State Council of*

*Carpenters,* 459 U.S. 519, 526 (1983).

## DISCUSSION

To withstand Plaintiff's motion to dismiss, Defendant Banister must allege facts that state a valid claim for relief.  *Cf. Hartford Fire*, 509 U.S. at 811 (citation omitted).  In a diversity action, the Court applies the substantive law of the forum state.  *See Novell, Inc. v. Federal Ins. Co.*, 141 F.3d 983, 985 (10th Cir. 1998) (citation omitted).  Plaintiff argues that Defendant Banister cannot state a valid claim against him under New Mexico law because a wrongful death personal representative cannot be held liable for the alleged negligence of a decedent.

Plaintiff is correct.  As Defendant Banister concedes, in New Mexico, a lawsuit under the Wrongful Death Act is separate and distinct from a lawsuit brought against a decedent's probate estate.  *See In re Sumler*, 133 N.M. 319, 321-22, 62 P.3d 776, 778-79 (N.M. Ct. App. 2002); *see also Henkel v. Hood*, 49 N.M. 45, 47, 156 P.2d 790, 791 (N.M. 1945) ("[a] suit, under [the Wrongful Death] [A]ct, has no relation to the estate").  New Mexico courts have held that "it is improper to equate a personal representative under the Wrongful Death Act with a personal representative as defined by the Probate Code."  *Sumler*, 133 N.M. at 321, 62 P.3d at 778.  Rather, a wrongful death personal representative "'is a mere nominal party, having no interest in the case for himself or the estate he represents.  He does not act in his capacity as executor or administrator, or representative of the decedent's estate, but sues as a trustee on behalf of the particular persons designated in the act.'"  *Henkel*, 49 N.M. at 49, 156 P.2d at 793 (quoting 16 Am. Jur. 186, § 266) (emphasis omitted); *see also Chavez v. Regents of the Univ.*, 103 N.M. 606, 608-09, 711 P.2d 883, 885-86 (N.M. 1985).

As a nominal party with no interest in the case for himself or the estate of the decedent, any funds recovered by Plaintiff in this action are not the property of decedent's estate but rather

are the property of certain statutorily enumerated beneficiaries. *Cf.* N.M. Stat. Ann. § 41-2-3;

*Stang v. Hertz Corp.*, 81 N.M. 69, 77, 463 P.2d 45, 53 (N.M. Ct. App. 1969) ("the personal

representative recovers damages under our wrongful death act on behalf of the statutory

beneficiaries"), *aff'd*, 83 N.M. 217 (1971).  Plaintiff, as trustee for these beneficiaries, cannot be

held liable for any debts of the decedent, including any debts arising from decedent's alleged

negligence. *Cf. Trefzer v. Stiles*, 56 N.M. 296, 299, 243 P.2d 605, 607 (N.M. 1952) ("[i]n New

Mexico the amount recovered under the wrongful death statute . . . never becomes part of the

assets of the . . . decedent's estate") (citation omitted); *Henkel*, 49 N.M. at 50, 156 P.2d at 793)

("'damages recovered do not constitute assets of the estate of the deceased, and the creditors of

the deceased are not entitled to share therein'") (citing 16 Am. Jur. § 249); *id.* ("'any recovery

made . . . is not subject to the payment of the debts of the deceased'") (quoting *In re Waits'*

*Estate*, 140 P.2d 857, 858, 859 (Cal. Ct. App. 1943)).  Only the probate estate of decedent is

liable for damages arising from decedent's negligence. *Cf., e.g.*, *id.*

  Even if the Court assumes all well-pleaded facts to be true and draws all reasonable

inferences in favor of Defendant Banister, *cf. Housing Auth. of the Kaw Tribe*, 952 F.2d at 1187,

Banister can prove no set of facts in support of his counterclaim that would entitle him to relief,

*cf. Hartford Fire*, 509 U.S. at 811 (citation omitted).  Although Defendant Banister concedes as

much, he maintains that he intended to bring his counterclaim for damages against the probate

estate of decedent and not against Plaintiff.  Defendant Banister argues that by his counterclaim,

he essentially has joined the probate estate as a party to the action.  Defendant Banister makes this

argument although he did not formally name the probate estate of decedent as a counter-

defendant in the case or provide the probate estate with notice of his claim by serving a copy of

the counterclaim upon the proper representative of the probate estate.

Defendant's argument does not have merit.  Although generally, a "defendant who [files a counterclaim with his or her responsive pleading] has the right to join additional parties to the counterclaim or cross-claim without leave of court," 4 James Wm. Moore *et al.*, Moore's Federal Practice § 20.02[2][b][ii][a] (3d ed. 2004); 7 Charles Alan Wright, Arthur R. Miller, & Mary Ann Kane, Federal Practice & Procedure 3d § 1657, "a defendant who . . . fails to effect [a] desired joinder, must seek leave of court either to file or amend the pleading," 4 Moore, *supra*, § 20.02[2][b][ii].  Here, Defendant Banister seeks to circumvent this requirement by asking the Court to deem the probate estate a party to this action although the estate has never been named formally as a party or served with a counterclaim.  The Court declines to do so.

Because Defendant Banister's counterclaim does not state a valid claim for relief, the Court must grant the motion to dismiss.  If Defendant Banister wishes to join the probate estate of decedent as a party to this action, he must comply with the Court's procedural rules and seek leave of court pursuant to Federal Rule of Civil Procedure 15(a) to amend its counterclaim.  *Cf. id.*

### CONCLUSION

For the reasons stated above, Defendant Banister's counterclaim does not state a valid claim for relief.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss the Counterclaim of Kelvin Banister, filed December 4, 2003 **[Doc. No. 22]**, is hereby **GRANTED**.

Dated this 25th day of May, 2004.

 

 

_____

MARTHA VAZQUEZ

CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:

    William G. Stripp, Esq.

Attorney for Defendants:

    J. Duke Thornton, Esq.