# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD LOVATO, and DIANE
JARAMILLO, as Co-Personal
Representatives to the Estate of Raymond V.
Lovato, Deceased,

      Plaintiff,

vs.                                                   Civ. No. 03-0629 MV/WDS

KELVIN L. BANISTER, and LANDSTAR
RANGER, INC.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Approve Settlement and For Dismissal of Case With Prejudice, filed December 10, 2004, **[Doc. No. 111]** and Defendants' Motion for Trial Continuance, filed December 20, 2004**, [Doc. No. 115]**. The Court, having considered the motions, response,[1] reply, relevant law and being otherwise fully informed, finds that the motion is not well taken and will be **DENIED**.

## BACKGROUND

This case arises out of an automobile accident on April 28, 2002, which resulted in the death of 18-year-old Raymond V. Lovato, son of Richard Lovato ("Lovato") and Diane Jaramillo ("Jaramillo"). On May 27, 2003, Lovato filed a wrongful death action as the proposed personal representative of Raymond V. Lovato. Nearly a year later, following litigation between Lovato

---

[1] Lovato's response to Defendants' Motion to Approve Settlement and For Dismissal of Case With Prejudice was untimely and will not be considered.

and Jaramillo, the Court appointed both parents co-personal representatives. *See* April 28, 2004 Order [Doc. No. 49]. Unfortunately, Lovato and Jaramillo were unable to agree on how to conduct the prosecution of the case. Specifically, the Lovato and Jaramillo disagreed on the merits of a settlement offer made by Defendants, with Jaramillo wanting to accept the settlement offer and Lovato wanting to reject the offer and proceed to trial.

On October 13, 2004, Jaramillo filed a motion to remove Lovato as co-personal representative asserting that Lovato had failed to provide emotional and financial support to their son during his life and now was seeking to profit from his death. Jaramillo informed the Court that she had a claim pending against Lovato in state court for back child support in an amount over $30,000.00. Jaramillo contended that Lovato would not accept any settlement in this case unless his share exceeded the amount he owed in back child support. Lovato denied that he was not close to his son and that he owed any back child support.

Following a hearing on December 1, 2004, the magistrate entered an Order finding that Jaramillo and Lovato were in "severe disagreement" on how to conduct the prosecution of this case; that there was a claim pending in state court for back child support brought by Jaramillo against Lovato; that if Jaramillo was successful in her state court claim, some portion, if not all, of Lovato's share of any recovery in this case may go to Jaramillo to satisfy the back child support claims; and that the fact that the state court claim was pending created a conflict of interest on the part of Lovato. The magistrate found that this conflict of interest made it impossible for Lovato to protect the interests of the estate and its beneficiaries. Accordingly, the magistrate removed Lovato as co-personal representative. Lovato's objection to the magistrate's order removing him as co-personal representative was overruled by this Court.

Jaramillo and Defendants subsequently agreed upon a settlement of the case, contingent upon the Court's approval. Defendants filed the instant motion seeking the Court's approval of the settlement agreement. Defendants also filed a motion to continue the trial setting in this matter pending until the motion to approve the settlement agreement was resolved.

Defendants do not cite, and the Court is unaware of, any requirement that the Court approve a settlement under New Mexico's wrongful death act. The Court is not privy to the information necessary to make an informed judgment as to the reasonableness of this settlement agreement and declines to do so. Furthermore, to delve into such matters would be inappropriate as this case does not involve a minor child nor a class action where the Court would be required to evaluate the settlement. The parties, of course, may settle the matter and move for dismissal without the involvement of the Court.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Approve Settlement and For Dismissal of Case With Prejudice, filed December 10, 2004 **[Doc. No. 111]** and Defendants' Motion for Trial Continuance, filed December 20, 2004**, [Doc. No. 115]** are hereby **DENIED**. This case shall remain on the January 18, 2005 trailing docket.

Dated this 11th day of January, 2004.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff Richard Lovato</u>:
    William G. Stripp, Esq.

<u>Attorney for Plaintiff Diane Jaramillo:</u>
    Cynthia A. Braun, Esq.

<u>Attorney for Defendants</u>:
    J. Duke Thornton, Esq.