IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD LOVATO, and DIANE
JARAMILLO, as Co-Personal
Representatives to the Estate of Raymond V.
Lovato, Deceased,

        Plaintiff,

vs.

                                                Civ. No. 03-0629 MV/WDS

KELVIN L. BANISTER, and LANDSTAR
RANGER, INC.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Richard Lovato's Objection to Magistrate Judge Order Removing Richard Lovato as Co-Personal Representative, filed December 16, 2004 **[Doc. No. 112]**. The Court, having considered the objection, response, reply, relevant law and being otherwise fully informed, finds that the objection is not well taken and will be **OVERRULED**.

## BACKGROUND

This case arises out of an automobile accident on April 28, 2002, which resulted in the death of 18-year-old Raymond V. Lovato, son of Richard Lovato ("Lovato") and Diane Jaramillo ("Jaramillo"). On May 27, 2003, Lovato filed a wrongful death action as the proposed personal representative of Raymond V. Lovato. Nearly a year later, following litigation between Lovato and Jaramillo, the Court appointed both parents co-personal representatives. *See* April 28, 2004 Order [Doc. No. 49]. Unfortunately, Lovato and Jaramillo were unable to agree on how to

conduct the prosecution of the case. Specifically, the Lovato and Jaramillo disagreed on the merits of a settlement offer made by Defendants, with Jaramillo wanting to accept the settlement offer and Lovato wanting to reject the offer and proceed to trial.

On October 13, 2004, Jaramillo filed a motion to remove Lovato as co-personal representative asserting that Lovato had failed to provide emotional and financial support to their son during his life and now was seeking to profit from his death. Jaramillo informed the Court that she had a claim pending against Lovato in state court for back child support in an amount over $30,000.00. Jaramillo contended that Lovato would not accept any settlement in this case unless his share exceeded the amount he owed in back child support. Lovato denied that he was not close to his son and that he owed any back child support.

Following a hearing on December 1, 2004, the magistrate entered an Order finding that Jaramillo and Lovato were in "severe disagreement" on how to conduct the prosecution of this case; that there was a claim pending in state court for back child support brought by Jaramillo against Lovato; that if Jaramillo was successful in her state court claim, some portion, if not all, of Lovato's share of any recovery in this case may go to Jaramillo to satisfy the back child support claims; and that the fact that the state court claim was pending created a conflict of interest on the part of Lovato. The magistrate found that this conflict of interest made it impossible for Lovato to protect the interests of the estate and its beneficiaries. Accordingly, the magistrate removed Lovato as co-personal representative. Lovato hereby objects to the magistrate's order removing him as co-personal representative.

## LEGAL STANDARD

A district court may modify or set aside a ruling of a magistrate judge only if it is "clearly

erroneous or contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the reviewing court must affirm unless the court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

### DISCUSSION

Lovato does not dispute the magistrate's determination that he has a conflict of interest due to the outstanding claim for child support arrearages.[1,2] Instead, Lovato contends that the magistrate failed to recognize that Jaramillo also has a conflict of interest. According to Lovato, Jaramillo wants to settle this matter to avoid a potential lawsuit against her by 1st Guard Adjustment Company ("1st Guard"), the insurer of the tractor and trailer involved in the accident that killed Raymond V. Lovato, for negligently entrusting her uninsured motor vehicle to her son. Lovato's argument fails on numerous grounds.

First, it does not appear that Lovato made this argument before the magistrate. An argument not made before the magistrate may not be raised in an objection. *See, e.g., Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (issues raised for the first time in objections to the

---

[1] In his reply brief, Lovato asserts that Jaramillo's argument that his refusal to agree to the proposed settlement is in bad faith due to his obligation on child support arrearages is without merit. Even if this sentence could be construed as challenging the magistrate's determination that Lovato has a conflict of interest due to the outstanding claim for child support arrearages, the Court may not consider arguments first raised in a reply brief. *See Plotner v. AT & T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000); *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 n. 5 (10th Cir. 1999).

[2] On January 3, 2005, the state court entered a judgment in favor of Jaramillo and against Lovato in the amount of $32,115.32 for child support arrears. The order provided that Jaramillo receive payment toward the child support award from Lovato's portion of any settlement or judgment in this case.

magistrate judge's recommendation are deemed waived). Second, there is no evidence that 1st Guard intends to make a negligent entrustment claim against Jaramillo. To the contrary, 1st Guard, who is not a party to this case, filed a response to the instant objection in which it affirmatively stated that it did not intend to make a negligent entrustment claim against Jaramillo. Third, the proposed settlement in this matter does not release any potential claims against Jaramillo by 1st Guard. Thus, contrary to Lovato's assertions, Jaramillo's acceptance of the proposed settlement would not avoid a potential lawsuit against her by 1st Guard. Fourth, even if the existence of a potential claim did constitute a conflict for Jaramillo, it would not support reinstating Lovato, who the magistrate found, and Lovato does not contest, has a conflict of interest.

Furthermore, the acrimonious relationship between Lovato and Jaramillo provides an independent basis for removing one of them as a personal representative. The magistrate noted that Lovato and Jaramillo were in "severe disagreement" on the prosecution of the case. Other courts have held that when the surviving parents have a hostile relationship, the best interests of the estate are served by appointing only one of the parents as a personal representative. *See, e.g., In re Eisenstein*, 551 N.Y.S.2d 569) (2nd Dept. 1990) (granting letter of administration solely to minor decedent's custodial parent, rather than to both parents, was not abuse of discretion because joint letters were impracticable due to hostility between the mother and the father and the father's distant residence).

Under the New Mexico wrongful death act, the right to bring an action is separate from the right to share in the proceeds of the recovery. *See* NMSA 1978, § 41-2-3 (personal representative serves as trustee for statutory beneficiaries). Thus, the removal of Lovato as a

personal representative does not affect his status as a beneficiary under the wrongful death act. It simply eliminates his right to prosecute the wrongful death action for the benefit of the statutory beneficiaries. As noted by the magistrate, however, if Lovato is not satisfied with any settlement Jaramillo may make, he may file suit against her for breach of fiduciary duties. *See, e.g., Dominguez v. Rogers*, 673 P.2d 1338, 1342 (N.M. 1983) (noting that a statutory beneficiary under New Mexico's wrongful death act may recover damages if the personal representative fails to fulfill her statutory responsibility).

Lovato did not challenge the magistrate's determination that he has a conflict of interest that prevents him from performing his fiduciary duty to protect the interest of the estate. Lovato's argument that Jaramillo also suffers from a conflict of interest was not raised before the magistrate, is unsupported, and provides no basis to reinstate Lovato as a personal representative. The magistrate's removal of Lovato as a personal representative was not "clearly erroneous or contrary to law" and will be upheld.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Richard Lovato's Objection to Magistrate Judge Order Removing Richard Lovato as Co-Personal Representative, filed December 16, 2004, **[Doc. No. 112]** is **OVERRULED**.

Dated this 11th day of January, 2004.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

<u>Attorney for Plaintiff Richard Lovato</u>:
    William G. Stripp, Esq.

<u>Attorney for Plaintiff Diane Jaramillo</u>:
    Cynthia A. Braun, Esq.

<u>Attorney for Defendants</u>:
    J. Duke Thornton, Esq.