IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIANE JARAMILLO, Personal
Representative of the Estate of
Raymond V. Lovato, Deceased,

      Plaintiff(s),

vs.                                               CIVIL NO. 3-629 MV/WDS

KELVIN L. BANISTER, and
LANDSTAR RANGER, INC.,

      Defendant(s).

## FINDINGS AND RECOMMENDATIONS

This matter comes before the Court on Plaintiff Diane Jaramillo's Motion to Determine Reasonableness of Attorney's Charging Lien and For Evidentiary Hearing (Docket No.127). After reviewing the briefs and holding an evidentiary hearing the Court finds that the amount of the attorney fee for Mr. William Stripp should be fixed at $5530.18 and he should be reimbursed costs in the amount of $252.86.

This wrongful death case was filed by Plaintiff Richard Lovato, as the personal representative and the father of the deceased. After the filing Plaintiff Diane Jaramillo, the former wife of Richard Lovato and the mother of the deceased, was joined as a co-personal representative. Disagreements developed between the co-personal representatives which ultimately resulted in Diane Jaramillo being the sole personal representative. She entered into a settlement of the wrongful death claim which resulted in a recovery of $30,000.00. Under the New Mexico Wrongful Death Statute the two beneficiaries would split the recovery. The

attorney for Richard Lovato, Mr. Stripp, asserted an attorney's charging lien in the amount of $16,628.43, which included some costs he had incurred. The lien was calculated based upon an hourly rate of $125.00. The interest of Diane Jaramillo in determining the proper amount for her ex-husband's attorney's fees, arises out of a state court order in which it was determined that Richard Lovato owed a significant amount of back child support which would be satisfied to a degree by Lovato's share of the settlement monies in this case. Thus, the less Mr. Stripp was entitled to receive, the more Ms. Jaramillo would receive of the proceeds.

After an evidentiary hearing the finds that Mr. Stripp had a valid contingent fee contract with Mr. Lovato, a fund was recovered with his efforts, clear notice was given of the assertion of the lien, and the notice was timely. The Court finds that the calculation of the fee based upon an hourly rate is improper. The contingent fee agreement governs the fee and it provides for 37.5 percent of the recovery attained for his client. The Court finds that Mr. Stiff had $252.86 in costs. Applying the contingent fee to Lovato's remaining share of the recovery results in an attorney fee of $5530.18. The total award to Mr. Stripp on his lien is $5783.04.

IT IS THEREFORE RECOMMENDED that the Presiding Judge award Mr. Stripp $5783.04 in fees and costs under his charging lien.

Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                              **W. DANIEL SCHNEIDER**
                                              **United States Magistrate Judge**